David W Murphy Jr
51 Lincoln Ave
Cohoes, NY 12047

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

AUG 18 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT

NORTHERN DISCTRIC OF NEW YORK

**David W Murphy Jr.**

Plaintiff,

vs.

**Flagstar Bank, FSB**

Defendant

Case# 1:10-cv-00645-LEK-DRH

**MOTION FOR RULE 11**

**SANCTIONS**

Date: August 17th, 2010

PLAINTIFF'S MEMORANDUM IN

SUPPORT OF MOTION FOR RULE 11 SANCTIONS

Plaintiff asks the court to impose sanctions against John F. Harwick, esq, counsel for Defendant, hereinafter referred to counsel for Defendant, for filing Defendants Answer in violation of Federal Rule of Civil Procedure 11(b).

A. Introduction

1. Plaintiff is David W. Murphy Jr., defendant is Flagstar Bank, FSB.

2. Plaintiff sued defendant for numerous violations including but not limited to violations of the Truth In ending Act, The Real Estate Settlement Procedures Act, The Home equity Protection Act, Fraud, Common law Fraud, Breach of Fiduciary duties, .Et Al.

3. On 8/3/10 counsel for Defendant filed defendants answer.

B. Argument

5. The court may impose sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or other paper for an improper purpose, such as to harass or cause

unnecessary delay or expense. Fed. R. Civ. P. 11(b)(1), (c)(1). Also, the court may impose sanctions on a party, an attorney, or a law firm, for presenting a pleading, written motion, or other paper that includes any of the following: (1) claims, defenses, or contentions not warranted by existing law or by a good-faith argument for extending, modifying, or reversing existing law or for establishing new law; (2) allegations that do not have, or are unlikely to have after a reasonable investigation, evidentiary support; or (3) denials unwarranted by the evidence. Fed. R. Civ. P. 11(b)(2)-(4), (c)(1).

6. counsel for Defendant's filing of "Defendants Answer" violated Rule 11 because counsel for Defendant filed the document for an improper purpose, such as to harass, cause an unnecessary delay, or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1); *Mercury Air Group, Inc. v. Mansour*, 237 F.3d, 542, 548 (5th Cir. 2001). Specifically, The answer or affirmative defenses make bald allegations that claims are stated improperly, claims are time barred due to limitation on statutory procedure, and that the court lacks jurisdiction over the Defendant. However, the Defendant failed to offer any further information as to HOW his defenses are justified, or how Plaintiff specifically failed to meet Federal Rules of Civil Procedure. This is seemingly a waste of time, and intentionally done to cause unnecessary delay, and cost to the Plaintiff.

7. Before imposing sanctions, the court should determine whether the party or the attorney made a reasonable inquiry into the facts or the law before signing and presenting the document. *See* Fed. R. Civ. P. 11(b); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364-65 (9th Cir. 1990). The court should impose sanctions against counsel for Defendant because he did not make a reasonable inquiry into the facts or law before filing the answer He offered no court cases, information, rules or procedures as to how, why, or what specifically failed to meet the criteria he uses as a defense.

8. The court should impose the following sanctions: Monetary Sanctions, and Striking Of Pleadings of the defendant. The requested sanctions are sufficient to deter repetition of the sanctionable conduct. Fed. R. Civ. P. 11(c)(4); *Fries v. Helsper*, 146 F.3d 452, 458-59 (7th Cir. 1998). Plaintiffs suit makes very strong claims and allegations, which can be proved at trial, and demands that his complaint be taken seriously. counsel for Defendant failed to address the suit with specificity, and by the court allowing sanctions in this case, the counsel will take the case with serious intention.

## C. Conclusion

9. Defendants answer failed to address with specificity, as to why the defenses counsel for Defendant used, were valid. They are wasting the time of the Plaintif and the Court, and are shadowing the seriousness of the case at hand. For these reasons, Plaintiff asks the court to impose sanctions of a Monetary amount to be determined by the court, and a Striking of Defendants answer in its entirety against counsel for Defendant.

**Respectfully Submitted,**

*[signature]*

**David W Murphy Jr.**