David W Murphy Jr
51 Lincoln Ave
Cohoes, NY 12047

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
SEP 21 2010
LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT

NORTHERN DISCTRIC OF NEW YORK

| | |
|---|---|
| **David W Murphy Jr.** | Case# 1:10-cv-00645-LEK-DRH |
| Plaintiff, | |
| vs. | **CIVIL CASE MANAGEMENT PLAN** |
| **Flagstar Bank, FSB** | |
| Defendant | Date: September 22, 2010 |

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Magistrate Judge David R. Homer on SEPTEMBER 27, 2010 at 9:30 AM, in Room 441, James Foley U.S. Courthouse, 445 Broadway, Albany, NY.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the _____ day of _____, _____.

> Plaintiff is unable, at this time, to determine who, if any, other real parties in interest may be. Plaintiff has named and properly served the one party known to Plaintiff to be culpable for the fraud committed against Plaintiff. If other parties are culpable, said parties have been hidden by the failure of said parties to properly register holder status of the security instrument with the local county recorders office. Therefore, if the court determines that other parties should be joined, Plaintiff will certainly comply with any

order by the court to join said parties as soon as the identity of said parties are fully established.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 30th day of March, 2011.

**3) DISCOVERY:**

A. Fact Discovery

All Fact Discovery in this action shall be completed on or before July 30, 2011

B. Expert Discovery

In light of the facts and circumstances of this case, the parties request that the following schedule for expert discovery be adopted in lieu of the dates automatically established by the Courts standard Scheduling order:

- Plaintiffs expert report, if any shall be served on or before August 31, 2011

- Defendants expert report, if any, shall be served on or before September 30, 2011

- Expert depositions, if any shall be conducted on or before October 31, 2011

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before November 30th, 2010

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the 9th day of January   It is anticipated that the trial will take approximately 14 days to complete.  The parties request that the trial be held in Albany, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND: _x_(YES) / _____(NO).**

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

Plaintiff makes claims that meet the rules of Federal Civil Procedure. It is the contention of the Plaintiff that he properly stated claims upon which relief can be granted. The court does have jurisdiction over subject matter and over the parties named. Plaintiff has served all known parties, and current defendant has not challenged service, however, Plaintiff, as mentioned above, is unable, at this time, to determine who, if any, other real

parties in interest may be If other parties are culpable, said parties have been hidden by the failure of said parties to properly register holder status of the security instrument with the local county recorders office. Therefore, if the court determines that other parties should be joined, Plaintiff will certainly comply with any order by the court to join said parties as soon as the identity of said parties are fully established.

## 8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APLICABLE.

### fraud by lender

Lender conspired with the Broker, to induce Agent to violate Agent's fiduciary duty to Plaintiff while acting as an agent for Plaintiff in securing funds to purchase a property. *(Since all actors in a conspiracy act in pari delicto, and, thereby, are equally culpable for the acts of each, Plaintiff did not name Agent, Appraiser, Underwriter, Closing Agent, et, as said actors are not necessary parties. In the interest of judicial economy, Plaintiff only specifically named the party presently claiming agency and standing to enforce the note. If said defendant has reason to believe that others are liable, defendant is certainly free to cross-complaint in order to lessen the potential financial burden on defendant.)*

Lender, in an act of fraud, represented the property, the current real estate market, the loan product of Lender, and other conditions of the prospective purchase as far more favorable than they actually were at the time said representations were made. Lender knew, or should have known, that said representations were not accurate. Lender made said representations to Plaintiff with the intent that Plaintiff make a decision to purchase. Plaintiff did not have equal access to information as Lender. Lender knew, or should have known that if Plaintiff had full disclosure of all the facts Plaintiff would have made a different decision than the decision Plaintiff made. Plaintiff was subsequently harmed by the decision Plaintiff was fraudulently induced to make by Lender.

## 9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?

For defendant

## 10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?
At current position, Plaintiff does not anticipate that the issues can be narrowed by agreement.

## 11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES

**SOUGHT?**

- For quite title to Property;

- For rescission of the loan contract and restitution by Defendants to Petitioner according to proof at trial;

- For disgorgement of all amounts wrongfully acquired by Defendants according to proof at trial;

- For actual monetary damages in the amount of $419,342.75;

- For pain and suffering due to extreme mental anguish in an amount to be determined at trial.

- For pre-judgment and post-judgment interest according to proof at trial;

- For punitive damages according to proof at trial in an amount equal to $1,258,028.25;

- For attorney's fees and costs as provided by statute; and,

- For such other relief as the Court deems just and proper.

## 2) DISCOVERY PLAN:

### A. Mandatory Disclosures

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before October 31, 2011

### B. Subjects of Disclosure

The parties jointly agree that discovery will be needed to address the following subjects:

1. The anticipated fields of expert testimony are TILA & RESPA compliance, fiduciary duty, derivative functioning, and Real estate Mortgage Investment Conduits.
2. No limitations on the use and number of expert witnesses
3. SEC Pooling agreements, prospectus, REMIC ownership and control.

### C. Discovery Sequence

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

As discovery is brought forth, it is anticipated that the hidden parties involved will be revealed. At this time, it is difficult to anticipate specific dates and materials necessary to meet the proposed guidelines.

### D. Written Discovery

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

1) Any and all books, records, accountings, and workbooks related to the subject loan, including certified copies of all notes, mortgages, instruments and pooling agreements..et all. In regards to interrogatories, it is not now anticipated that they will go beyond the number permitted under rule 33, but Plaintiff would like to reserve his right to exceed, if properly permitted by this court.

**E. Depositions**
Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

Plaintiff is unable, at this time, to determine who, if any, other real parties in interest may be. Plaintiff has named and properly served the one party known to Plaintiff to be culpable for the fraud committed against Plaintiff. Once the proper partied are revealed, the answer to the expectations of depositions can be further discussed.

**F. Experts** Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

Plaintiff is unable, at this time, to determine who, if any, other real parties in interest may be. Plaintiff has named and properly served the one party known to Plaintiff to be culpable for the fraud committed against Plaintiff. Once the proper partied are revealed, the answer to the expectations of which experts testimony is needed can be further discussed.

### G. Electronic Discovery

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

Plaintiff is unable, at this time, to determine who, if any, other real parties in interest may be. Plaintiff has named and properly served the one party known to Plaintiff to be culpable for the fraud committed against Plaintiff. Once the proper partied are revealed, the answer to the expectations of which electronic discovery information is needed can be further discussed.

### H. Protective Orders

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

I. **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

At this point, Plaintiff does not anticipate any expedited means of presenting evidence. It is expected that the factual issues will be sharply in dispute. The parties may be able to stipulate to the admissibility of certain documents.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

N/A

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1-----2-----3-----4-----5-----6-----7-----8-----9-----10 (VERY UNLIKELY)°°°°°°°°°°° (LIKELY)

  CANNOT BE EVALUATED PRIOR TO COMPLETE DISCOVERY

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**
*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

  _____ ARBITRATION

  _____ MEDIATION

  _____ EARLY NEUTRAL EVALUATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\* Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on _____ at _____ and was attended by: (Date) (Place) _____ for plaintiff(s)

_____ for defendant(s)_____

(party name) _____ for defendant(s)_____

(party name) At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

To Whom It May Concern:

Attempts have been made to work with the attorney for defendant, but thus far it has been difficult.

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
SEP 21 2010
LAWRENCE K. BAERMAN, CLERK
ALBANY

David Murphy
55 Parkwood St Apt 1
Albany NY 12208

**CERTIFIED MAIL**

7010 0780 0000 7718 3977

Attn Court Clerk
Albany US Courthouse & Federal Bldg
445 Broadway - Rm 345
Albany NY 12207-2936




1000
12207



**RETURN RECEIPT REQUESTED**



U.S. POSTAGE
PAID
SCHENECTADY, NY
12305
SEP 20, 10
AMOUNT
$5.71
00033760-11