UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID MURPHY, JR.

              Plaintiff,

-against-

FLAGSTAR BANK, FSB,

              Defendant,

**ATTORNEY'S AFFIRMATION**

Civil Case No.:
10-CV-0645
(LEK/DRH)

---

Thomas D. Buchanan, an attorney licensed to practice law in the Courts of the State of New York, duly admitted in the Northern District of New York, hereby affirms as follows:

1. I am counsel for named defendant in this action.

2. I submit this Affirmation in support of Defendant Flagstar Bank's Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(c) on the grounds that the Complaint "counter-claim" is incomprehensible, and fails to state any recognizable cause of action.

3. Attached hereto as Exhibit "A" is a copy of the "counter-claim" original filed in the Northern District of New York on June 1, 2010. Attached as Exhibit "B" is the Answer.

4. This action involves a mortgage from a bank to David Murphy, Jr. which is currently the subject of foreclosure proceedings in State Court, Albany County. The attached Complaint appears to be a "cut and paste" from various articles on the internet involving the well known real estate bubble and

alleged defects associated with other cases and how those mortgage foreclosures were processed.

5. A review of the counterclaim fails to disclose any jurisdictional basis.

6. Moreover, although plaintiff describes his claim as a "Counterclaim and Petition for Retaining Order," there is no asserted claim pending in the Court. Thus, such a "counterclaim" cannot be sustained as it may only be interposed in response to a main claim. Plaintiff may assert some or all of these claims in State Court. In any event, the Complaint must be dismissed here.

7. If the "counterclaim" were deemed to be a main claim, the "Statement of Claim" asserts the following:

    A. Defendants lack standing

    B. Criminal Conspiracy and Theft;

    C. Agent Practice Up-Selling;

    D. Fraudulent Inducement;

    E. Extra Profit on Sale of Predatory Loan Product;

    F. Lender Attempting to Fraudulently Collect on Void Lien;

    G. Lender Profit by Credit Fault Swap Derivatives;

    H. Lender Conspired with Appraiser;

    I. Lender Conspired with Trustee;

    J. Deceptive Advertising and Other Unfair Business Practices;

    K. *TILA and RESPA* Subject to Equitable Tolling;

HACKER
MURPHY,
LLP
ATTORNEYS AT LAW

    L.   Business Practices Concerning Disregarding of Underwriting Standards;

    M.   Unjust Enrichment;

    N.   Claim to Quiet Title;

    O.   Sufficiency of Pleading;

    P.   Breach of Fiduciary Duty;

    Q.   Negligence/Negligence Per Se;

    R.   Agent: Common Law Fraud;

    S.   Petitioner Properly Averred A Claim For Breach of the Implied Covenant of Good Faith and Fair Dealing;

    T.   Cause of Action Violation of Truth In Lending Act 15 U.S.C. §1601 *et seq.*

    U.   Intentional Infliction of Emotional Distress;

8. Plaintiff seeks the following relief:

- An emergency restraining order enjoining defendants and any successor in interest from foreclosing;
- A permanent injunction;
- Quiet title to property;
- Recision of the loan contract and restitution;
- Disgorgement of all amounts wrongfully acquired;
- Monetary damages in the amount of $419,342.75;
- Pain and suffering due to extreme mental anguish;
- Pre-judgment and post-judgment interest;
- Punitive damages in the amount of $1,258,028.25;
- Attorney's fees;

9. The plaintiff's request for preliminary relief was denied by Judge Kahn.

10. It is respectfully submitted that the Complaint fails to state a cause of action in that plaintiff has failed to provide sufficient notice of the facts, transactions and occurrences which constitute the claims.

11. In addition, there is no jurisdiction for this Court to entertain a "counterclaim" without a main claim filed. Moreover, there is no jurisdictional basis contained in the "counterclaim;" these claims amount to standard common law remedies appropriately asserted, if at all, in State Court.

**WHEREFORE**, your affirmant respectfully requests the Court to dismiss the Complaint pursuant to FRCP Rule 12(c) or, alternatively, dismiss the Complaint on the grounds that the Court lacked subject matter jurisdiction.

Dated: November 2, 2010

HACKER MURPHY, LLP

By: _____
Thomas D. Buchanan
Bar Roll No.: 509804
Attorneys for Defendant
7 Airport Park Boulevard
Latham, New York 12110
(518) 783-3843

TO: David Murphy, Jr.
51 Lincoln Avenue
Cohoes, New York 12047
(518) 772-4737

HACKER
MURPHY,
LLP
ATTORNEYS AT LAW

-4-