UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID MURPHY, JR.

                Plaintiff,

-against-                      Civil Case No.:
                                10-CV-0645
FLAGSTAR BANK, FSB,        (LEK/DRH)

                Defendant,

---

## MEMORANDUM OF LAW

---

Dated: November 2, 2010

                                Respectfully submitted,

                                HACKER MURPHY, LLP
                                Thomas D. Buchanan, Esq.
                                Bar Roll No.: 309804
                                Attorneys for Defendant
                                7 Airport Park Boulevard
                                Latham, New York 12110
                                (518) 783-3843

To:  David Murphy, Jr.
     *pro se*
     51 Lincoln Avenue
     Cohoes, New York 12047
     (518) 772-4737

# TABLE OF CONTENTS

POINT I

    THE COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(c) ON THE GROUNDS THAT PLAINTIFF'S CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO PLEAD A CAUSE OF ACTION . . . . . . . . . . . . . . . . . . 1

POINT II

    ALTERNATIVELY, THE COMPLAINT MUST BE DISMISSED ON JURISDICTIONAL GROUNDS SINCE THE COURT LACKS SUBJECT MATTER JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 3

Hacker
Murphy,
LLP
ATTORNEYS AT LAW

i

**POINT I**

**THE COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(c) ON THE GROUNDS THAT PLAINTIFF'S CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO PLEAD A CAUSE OF ACTION**

Defendant now moves to dismiss the Complaint pursuant to Federal Rules and Civil Procedure §12(c) on the grounds that plaintiff has failed to plead a claim upon which relief may be granted. In addition, plaintiff has failed to plea the grounds for the Court's jurisdiction as required pursuant to FRCP Rule 8. Since plaintiff has failed to plead the proper grounds for Federal Court Jurisdiction, and has failed to show the grounds for plaintiff's entitlement to relief, defendant's Rule 12(c) motion should be granted.

In considering a Rule 12(c) motion, it is appropriate for the Court to presume the factual allegations of the pleading are true, but determine whether those allegations amount to a claim for relief. See, Lee v. City of Los Angeles, 250 F3d 668, 688 (9th Cir. 2001). If the complaint entirely omits any allegations as to an essential element of a claim, it is legally insufficient. See, Aktieselskabet AF21 Nov. 2001 v. Fame Jeans, Inc., 525 F3d 8 (DC Cir. 2008). An entirely conclusory statement of claim does not survive a Rule 12(c) motion merely because a plaintiff could theoretically establish some set of facts to support recovery. Ashcroft v. Iqbal, 129 Sup.Ct. 1937 (2009)

HACKER
MURPHY,
LLP
ATTORNEYS AT LAW

-1-

Instead, the plaintiff must include allegations in the complaint that are sufficient to show that it is plausible that the plaintiff could recover on the claims asserted. See, Bell Atlantic Corp. v. Twombly, 550 US 544 (2007). The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claim is insufficient. Red Hawk, LLC v. Schneider, 493 F3d 1174 (10th Cir. 2007). The complaint must give the Court reason to believe that this plaintiff has a reasonably likelihood of mustering factual support for these claims. Id. Accordingly, it is well settled that mere conclusory allegations or bare legal conclusions are insufficient to withstand a Rule 12(c) motion to dismiss for failure to state a claim. See, Briehl v. General Motors Corp., 172 F3d 623 (8th Cir. 1999).

Here, the plaintiff's failed to plead any facts, not to mention specific facts, in support of any of the allegations in the Complaint. Rather, it appears that the Complaint is hodge podge of cut and past general allegations which appear to have been copied from the internet. Indeed, the plaintiff has attached the "You Can Stop Foreclosure" pages from the internet to the back of his complaint, which contain the language apparently copied into the pleading. In fact, the few factual allegations contained in the complaint, such at paragraphs 101 and 104, refer to a "petitioner," in come case, with various

fees. There is no indication that these are the appropriate characteristics of plaintiff's alleged mortgage. In any event, even assuming it were, these facts to not amount to any cause of action under any plausible scenario.

## POINT II

### ALTERNATIVELY, THE COMPLAINT MUST BE DISMISSED ON JURISDICTIONAL GROUNDS SINCE THE COURT LACKS SUBJECT MATTER JURISDICTION

Pursuant to FRCP Rule 8, it is incumbent upon the plaintiff to plead the grounds for Federal Court jurisdiction. No where in the complaint does the plaintiff plead the grounds for jurisdiction. Moreover, a review of the complaint reveals that it involves common law allegations appropriately plead if at all, in State Court put together with the underlying foreclosure action.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that defendant Flagstar Bank's Motion to Dismiss be granted.

Dated: November 2, 2010

HACKER MURPHY, LLP

By: _____
Thomas D. Buchanan
Bar Roll No.: 509804
Attorneys for Defendant