UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID MURPHY, JR.,

         Plaintiff,

  -against-                1:10-CV-0645 (LEK/DRH)

FLAGSTAR BANK, FSB,

        Defendant.
_____

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

Plaintiff David Murphy, Jr. ("Plaintiff") commenced the present action *pro se* on June 1, 2010, seeking to enjoin Defendant Flagstar Bank, FSB ("Defendant") from foreclosing on Plaintiff's property. Dkt. No. 1 ("Complaint"). The Court denied Plaintiff's request for a temporary restraining order on June 2, 2010. Dkt. No. 4. Defendant filed a Motion to dismiss Plaintiff's Complaint (Dkt. No. 17) ("Motion to dismiss") on November 2, 2010, and a Motion for summary judgment on March 28, 2011. Dkt. No. 24 ("Motion for summary judgment"). Plaintiff has filed responses in opposition to both, and Defendant has filed replies to each of those responses. Dkt. Nos. 18, 20, 27, 28. For the reasons that follow, the Court grants Defendant's Motion to dismiss and dismisses Defendant's Motion for summary judgment as moot.

**II. BACKGROUND**

Plaintiff seeks to prevent foreclosure of a mortgage on a property he rents to two tenants in Cohoes, New York. Compl. ¶ 230; Pl. Dep. Tr. (Dkt. No. 24-4) 9:25-10:11. On November 14, 2007, Plaintiff refinanced his property through a 30-year fixed rate loan with 7.25% interest. Def. Ex. F. (Dkt. No. 24-8) at 45. Although Plaintiff has continued to collect rent from the property, he

has defaulted on his mortgage note and Defendant commenced foreclosure proceedings against him in New York State Supreme Court in the County of Albany on April 3, 2009. Id. at 32, 36; Pl. Dep. Tr. 10:23-11:4. No judgment of foreclosure has yet issued in that proceeding. Def.'s Statement of material facts (Dkt. No. 24-14) ¶ 5.

## III.   DISCUSSION

Plaintiff alleges that Defendant violated the federal Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA"), in addition to raising numerous of state law claims, including breach of fiduciary duty, negligence, common law fraud, and intentional infliction of emotional distress. See Compl. ¶¶ 59, 141-70. Defendant argues that: (1) Plaintiff's claims are barred by the applicable statute of limitations; (2) Plaintiff fails to state claims upon which relief may be granted; and (3) Plaintiff has failed to properly allege a jurisdictional basis for his Complaint pursuant to Rule 8(a)(1).[1] Answer (Dkt. No. 7) ¶¶ 3-6; Def.'s Memorandum of law in support of motion to dismiss ("DML") at 1. Because the Court finds that Plaintiff's TILA and RESPA claims are barred by the applicable statute of limitations and declines to exercise jurisdiction over the remaining state law claims, it does not address whether the Complaint otherwise sufficiently states a claim upon which relief may be granted.

### A. TILA and RESPA Claims

The statutes of limitations for filing claims under TILA and RESPA are both one year. Cardiello v. The Money Store, 29 Fed. Appx. 780, 781 (2d Cir. 2002) (citing 15 U.S.C. § 1640(e) (TILA statute of limitations is "one year from the date of occurrence of the violation")); Done v.

---

[1] Although Defendants cite to FED. R. CIV. P. 9 in support of this argument, it is FED. R. CIV. P. 8(a)(1) that requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction."

Option One Mortg., No. 09-CV-4770, 2011 WL 1260820, at *8 (E.D.N.Y. Mar. 30, 2011) ("[The] RESPA statute of limitations is one year") (citing 12 U.S.C. § 2614). The causes of action for TILA and RESPA claims have been held to accrue when a plaintiff signs the fraudulent or deceptive loan document in question. Done, 2011 WL 1260820, at *8; Barkley v. Olympia Mortg. Co., No. 04 CV 875, 2007 WL 2437810, at *17 (E.D.N.Y. Aug. 22, 2007).

Plaintiff argues that the statute of limitations period "should be Equitably Tolled due to the Defendants' Misrepresentations and Failure to Disclose." Compl. ¶ 117. However, Plaintiff has failed to show that he exercised reasonable diligence "by examining the nature of the misleading statements alleged, the opportunity to discover the misleading nature of the statements, and the subsequent actions of the parties." Rodriguez v. SLM Corp., Dkt. No. 07cv1866, 2009 WL 3769217, at *3 (D. Conn. Nov. 10, 2009); see also Boursiquot v. Citibank F.S.B., 323 F. Supp. 2d 350, 354 (D. Conn. 2004) ("[I]t is generally established that mere nondisclosures provide insufficient grounds for tolling the statute of limitations, regardless of when the plaintiffs should have discovered the nondisclosure."). Moreover, Plaintiff did not file his Complaint in federal court until over a year after Defendant had commenced foreclosure proceedings against him in state court. Even if the doctrine of equitable tolling were to apply, the filing of the state court action would have presumably put Plaintiff on notice and afforded him an opportunity to ascertain whether Defendant's statements were misleading. See Van Pier v. Long Island Sav. Bank, 20 F. Supp. 2d 535, 536 (S.D.N.Y. 1998) (doctrine of equitable tolling unavailable where plaintiff had filed state court complaint alleging violations of TILA over a year prior to filing federal complaint). Accordingly, Plaintiff's federal law claims must be dismissed as time-barred.

**B. State Law Claims**

Having dismissed the federal law claims, the Court must determine whether exercising supplemental jurisdiction is warranted under 28 U.S.C. § 1367 ("§ 1367"). Subsection (c) of § 1367 permits a district court to decline to exercise supplemental jurisdiction over claims if, *inter alia*, the court "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3).

The determination of whether to exercise supplemental jurisdiction over a state law claim is left to the discretion of the district court. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right."). A court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise [supplemental] jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (citing Gibbs, 383 U.S. at 726-27).

Here, the Court finds that declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims is appropriate. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon, 484 U.S. at 350 n.7; see also Rounseville v. Zahl, 13 F.3d 625, 631 (2d Cir. 1994) (finding that district court abused its discretion in retaining jurisdiction over state law claims where the presence of disputed questions of fact necessitating a trial "involve[d] a complete hegemony of state law claims, such that relinquishment of federal court jurisdiction is warranted.") (emphasis in original). The pending foreclosure action in state court in particular militates against retaining jurisdiction over Plaintiff's state law claims. See Grimes v. Fremont Gen. Corp., No. 08-CV-1024, 2011 WL 1899403, at *21 (S.D.N.Y. Mar. 31, 2011) (finding that, upon dismissal of TILA, RESPA, and other federal law

claims, interests of comity weighed against exercise of supplemental jurisdiction over remaining state law claims, "particularly . . . in light of the pending foreclosure action in state court").

Moreover, regarding considerations of fairness towards Plaintiff, N.Y. C.P.L.R. § 205(a) permits a party to re-file a claim in state court that was timely filed in federal court. As neither party has briefed the issue of whether each of Plaintiff's state law claims was timely filed in federal court, considerations of fairness do not weigh heavily in favor of retaining supplemental jurisdiction here. See Roffman v. Knickerbocker Plaza Assocs., No. 04 Civ. 3885, 2008 WL 919613, at *16 (S.D.N.Y. Mar. 31, 2008) (finding that fairness did not compel retaining supplemental jurisdiction where "[n]o party has raised an issue of a time-bar under the statute of limitations if the action were dismissed and the claims reasserted in state court"). Nonetheless, the Court concludes that any considerations of fairness towards Plaintiff may be ameliorated by dismissing his state law claims without prejudice, so that he may assert these claims in state court if he so chooses. See Healy v. City of N.Y. Dep't of Sanitation, 286 Fed. Appx. 744, 746-47 (2d Cir. 2008); Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008). Defendant's Motion to dismiss therefore is also granted with respect to Plaintiff's state law claims.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; that Plaintiff's claims filed pursuant to the Truth in Lending Act and Real Estate Settlement Procedures Act are **DISMISSED as time-barred**; and that Plaintiff's state law claims are **DISMISSED without**

**prejudice**; and it is further

ORDERED, that Defendant's Motion for summary judgment (Dkt. No. 24) is **DISMISSED as moot;** and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:   September 29, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge