UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID MURPHY, JR.,

                              Plaintiff,

    -against-                                                 1:10-CV-00645 (LEK/DRH)

FLAGSTAR BANK, FSB,

                              Defendant.

## DECISION and ORDER

### I.    INTRODUCTION

Presently before the Court is *pro se* Plaintiff David Murphy, Jr. ("Plaintiff")'s Motion for reconsideration of the Court's September 29, 2011 Memorandum-Decision and Order. Dkt. Nos. 32 ("Motion"), 29 ("September Order"). On November 14, 2011, Defendant filed an Affidavit in opposition to the Motion. Dkt. No. 34 ("Opposition"). For the reasons that follow, the Court denies Plaintiff's Motion.

### II.    BACKGROUND

The Court presumes the parties' familiarity with the facts and procedural history of this case, which was initiated by Plaintiff seeking to enjoin Defendant Flagstar Bank, FSB ("Defendant") from foreclosing on Plaintiff's property. Dkt. No. 1 ("Complaint"). The Court denied Plaintiff's request for a temporary restraining order on June 2, 2010. Dkt. No. 4. Defendant filed a Motion to dismiss Plaintiff's Complaint on November 2, 2010 and a Motion for summary judgment on March 28, 2011. Dkt. Nos. 17 ("Motion to dismiss"), 24 ("Motion for summary judgment"). The Court granted Defendant's Motion to dismiss and dismissed Defendant's Motion for summary judgment as moot on

September 29, 2011. September Order. Plaintiff then filed the instant Motion for reconsideration. For a complete history of this case, reference is made to the September Order.

### III.   STANDARD OF REVIEW

Where no Federal Rule of Civil Procedure is directly cited in a Motion for reconsideration, it is generally construed by the Court as either a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment or order. Ass'n for Retarded Citizens v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment," FED. R. CIV. P. 59(e), and "an untimely motion for reconsideration is treated as a Rule 60(b) motion." Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010); see also Branum v. Clark, 927 F.2d 698, 704 (2d Cir. 1991).

Here, Plaintiff's Motion was filed 29 days after final judgment was entered, and therefore was not timely filed pursuant to Rule 59(e). See FED. R. CIV. P. 6(a)(1)(A)-(C); 5 U.S.C. § 6103; Mot. ¶ 5; September Order. While the Court is mindful that Plaintiff's Motion for reconsideration is untimely by only one day, "a court must not extend time to act under Rules . . . 59(b), (d), and (e) and 60(b)." FED. R. CIV. P. 6(b)(2). This rule limiting the discretion of the Court is "mandatory and jurisdictional and . . . cannot be circumvented regardless of excuse." Rodick v. City of Schenectady, 1 F.3d 1341, 1346 (2d Cir. 1993) (citation and quotation omitted). Further, Plaintiff's *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Branum, 927 F.2d at 704 (*pro se* Plaintiff's Rule 59(e) motion was untimely when it was filed 18 days after filing deadline).

However, Plaintiff's motion is timely under Rule 60(b) which provides that a motion "must be made within a reasonable time" and in some circumstances "no more than a year after the entry of the judgment or order. . . ." FED. R. CIV. P. 60(c)(1). Accordingly, the Court construes Plaintiff's Motion as one brought pursuant to Rule 60(b).

The Court applies a strict standard when reviewing a motion for reconsideration and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The court may grant a motion for reconsideration under Rule 60(b) for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Reconsideration is not appropriate "when the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

**IV.  DISCUSSION**

Plaintiff here seeks reconsideration on the grounds that "the judgment contains a clear error of law, and reconsideration is necessary to prevent manifest injustice." Mot. ¶ 6. Plaintiff argues that the Court's dismissal of the Complaint was improper because "having proven through discovery that Defendant failed to disclose and prove all fees at closing, [Plaintiff's] TILA and RESPA [claims] are statutorily no longer considered [t]ime[-][b]arred." Id. ¶ 10. Plaintiff states that "in Plaintiff's

3

original complaint, Plaintiff made the accusation that he was never fully disclosed as per the fees charged in the closing paperwork. Discovery has shown that although some fees have allegedly been proven, there were more than one that weren't shown to have any justification, receipts, or explanation as to proof of their legitimacy." Id. ¶ 7. Further, Plaintiff argues that through the "rule of adverse inference . . . by failing to prove just one of the fees alleged to be false, [Defendant has admitted] that Plaintiff's claims of not being informed are true." Id.

Plaintiff is improperly seeking reexamination by the Court of an issue already decided. Plaintiff's Motion alleges that discovery has "proven" allegations in his original Complaint regarding Defendant's failure to disclose, and therefore Plaintiff's TILA and RESPA claims should be "equitably tolled." Id. ¶¶ 7, 9. However, the Court previously addressed this claim in the September Order and found that Plaintiff failed to exercise the reasonable diligence required to allow for the statute of limitations on Plaintiff's claims to be equitably tolled based on fraudulent concealment.[1] September Order at 3.

Though not directly alleged in Plaintiff's Motion for reconsideration, the availability of

---

[1] In the initial Complaint, Plaintiff argues that under TILA, "the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or has reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." Compl. ¶ 118 (citing King v. California, 784 F.2d 910, 915 (9th Cir. 1986)). However, "it is well settled that, in the context of TILA claims, the 'discovery rule' that [P]laintiff[] urge[s] this Court to adopt is applied solely to claims arising from 'open-end' credit transactions, rather than . . . 'closed-end' transactions." McAnaney v. Astoria Fin. Corp., No. 04-CV-1101, 2007 WL 2702348, at *6 (E.D.N.Y. Sept. 12, 2007) modified on reconsideration in part, No. 04-CV-1101, 2008 WL 222524 (E.D.N.Y. Jan. 25, 2008) (citations omitted). A mortgage transaction – such as that at issue here – is "a closed-end credit" transaction. Id. Thus, the standard applied by the Court requiring the Plaintiff to show an exercise of reasonable diligence – as opposed to the 'discovery rule' standard – is applicable in determining whether tolling of the statutes of limitations is appropriate.

evidence not previously available is a recognized ground upon which a court may grant a motion for reconsideration.  The Court notes that Plaintiff does allege that discovery has resulted in new evidence "prov[ing] . . . Plaintiff's claims of not being informed are true."  Mot. ¶ 7.  However, motions for reconsideration on these grounds "may be granted only 'when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation.'"  Jeffreys v. United Technologies Corp., 357 F. App'x 370, 372 (2d Cir. 2009) (citations omitted).  "To succeed on a motion for reconsideration, Defendant must prove that the newly discovered evidence 'is material and not merely cumulative' and that the new evidence 'will probably produce a result different' than that reached in the decision denying [Defendant's motion]."  United States v. Yarbrough. No. 1:04-CV-476, 2005 WL 6144289, at *3 (N.D.N.Y. Feb. 4, 2005) aff'd, 179 F. App'x 769 (2d Cir. 2006).

Regardless of Plaintiff's allegations that "discovery has shown . . . there were more than one [fees] that weren't shown to have any justification, receipts, or explanation of their legitimacy," the result denying Plaintiff's Motion would not change.  Mot. ¶ 7.  Plaintiff's claims are time barred and Plaintiff's discovery of new information does not affect the Court's finding that Plaintiff failed to exercise the due diligence required to allow for the statute of limitations on Plaintiff's claims to be equitably tolled based on fraudulent concealment.  Plaintiff's insistence that discovery provided proof of non-disclosure in no way affects the conclusion that Plaintiff failed to exercise the reasonable diligence required for tolling to apply.  Further, as the Court previously found, "[e]ven if the doctrine of equitable tolling were to apply, the filing of the state court action would have presumably put Plaintiff on notice and afforded him an opportunity to ascertain whether Defendant's statements were misleading."  Id. at 3.

The only other subsection of Rule 60(b) that could apply to Plaintiff's motion is subsection 6, "which is a catchall provision allowing relief for 'any other reason.'" Leonard v. Lowe's Home Centers, Inc., 83 F. App'x 402, 404 (2d Cir. 2003).  The Second Circuit has noted that "Rule 60(b)(6) relief is available only in 'extraordinary circumstances . . . where the judgment may work an extreme and undue hardship.'"  Id. (citations omitted).  There is no allegation by Plaintiff, nor any circumstances the Court can identify, that would work an extreme and undue hardship on Plaintiff so as to justify relief under the extraordinary circumstances provision of Rule 60(b)(6).

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for reconsideration (Dkt. No. 32) is **DENIED**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:       July 03, 2012
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge